UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN M. SORBELLO                                      CIVIL ACTION

VERSUS                                                 NO. 24-398

AGCO CORPORATION, *et al.*                             SECTION M (5)

## ORDER & REASONS

This case involves asbestos-exposure claims. Plaintiff Kevin M. Sorbello filed this suit against more than eighty companies alleging that each one played some part in his exposure to asbestos that occurred while he worked on various vessels from 1979 to 2007, which exposure he claims caused him to develop lung cancer.[1] Sorbello alleges that defendant Kearney-National Inc. ("Kearney-National"), incorrectly named in the complaint as Kearney National, is the successor in interest to The Ohio Injector Company a/k/a OIC Corporation("OIC"), incorrectly named in the complaint as Ohio Injector, and that OIC manufactured asbestos-containing valves which were installed on the USNS *Mizar* when it was built at Avondale Shipyards in Louisiana in 1957.[2] Sorbello further alleges that he served onboard the *Mizar* from May 8, 1985, to September 9, 1985, with ports of call in Alaska and Washington.[3]

Before the Court is a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure filed by Kearney-National, arguing that Sorbello failed to state a plausible claim against Kearney-National because it is not the successor in interest to OIC, and

---

[1] R. Doc. 1.
[2] *Id.* at 12, 25-26.
[3] *Id.* at 25-26.

consequently, it is not subject to personal jurisdiction in Louisiana.[4]  Kearney-National attaches hundreds of pages of documents to its motion in a effort to prove its contentions.[5]

Sorbello and defendant/crossclaimant Huntington Ingalls Inc. ("Avondale") respond in opposition, arguing that, because Kearney-National submits evidence in support of its Rule 12(b)(6) motion that is not referenced in the complaint, the motion must be converted to one for summary judgment and should be denied.[6]  They argue that there are genuine issues of material fact regarding whether Kearney-National is in fact OIC's successor in interest and that they should be afforded the opportunity to conduct discovery into the issue before Kearney-National is dismissed from the suit.[7]

Kearney-National replies in further support of its motion, arguing that Sorbello fails to demonstrate that this Court has personal jurisdiction over Kearney-National because he submits no proof that it is OIC's successor in interest or that Sorbello was exposed to asbestos from OIC's valve.[8]  Kearney-National further contends that Avondale lacks standing to oppose its motion to dismiss because Avondale's contribution claim is not ripe for adjudication.[9]

Considering the parties' memoranda, the record, and the applicable law, the Court agrees with Sorbello and Avondale.  Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, if a party on a Rule 12(b)(6) motion presents matters outside of the pleadings that are not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Thus, the Rule 12(b)(6) portion

---

[4] R. Doc. 205.
[5] *Id.*
[6] R. Docs. 255; 265.
[7] *Id.*
[8] R. Doc. 278.
[9] *Id.*

of the motion must be converted to one for summary judgment. While a court can consider exhibits, "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery," in weighing a Rule 12(b)(2) motion, *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985), here, Kearney-National's personal-jurisdiction argument is essentially the same as its failure-to-state-a-claim argument – namely, that it is not liable to Sorbello, or subject to specific personal jurisdiction in Louisiana, because it is not OIC's successor in interest.[10] And, although "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident," *id.*, he is not required to prove it by a preponderance of the evidence, but need only present a *prima facie* case that personal jurisdiction is proper. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Nevertheless, courts are to "accept the plaintiff's uncontroverted, nonconclusional factual allegations as true and resolve all controverted allegations in the plaintiff's favor." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir 2019) (quotation omitted).

As reflected in part by Kearney-National's own submissions, proof regarding the nature of its relationship with OIC largely lies with Kearney-National. At this early stage of the case, Kearney-National asks this Court to excuse it from liability and personal jurisdiction based on its assertion that, according to those of its own documents it has unilaterally chosen to present, it is not OIC's successor in interest. Balancing the equities, Sorbello and Avondale must be permitted to conduct limited jurisdictional discovery regarding Kearney-National's corporate relationship with OIC to test Kearney-National's assertion and ultimately determine whether Kearney-National is or is not OIC's successor and thus whether Sorbello has stated a claim against, and this Court has personal jurisdiction over, Kearney-National.

---

[10] On the current summary-judgment record, the Court agrees with Kearney-National that it is not subject to general personal jurisdiction in Louisiana.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Kearney-National's motion to dismiss (R. Doc. 205) is DENIED without prejudice to its refiling a motion for summary judgment and/or Rule 12(b)(2) motion after appropriate discovery has been conducted.

New Orleans, Louisiana, this 13th day of June, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE