UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN M. SORBELLO                               CIVIL ACTION

VERSUS                                          NO. 24-398

AGCO CORPORATION, *et al.*                      SECTION M (5)

# ORDER & REASONS

This case involves asbestos-exposure claims. Plaintiff Kevin M. Sorbello filed this suit in February 2024 against more than 80 companies alleging that each one played some part in his exposure to asbestos that occurred while he worked on various vessels from 1979 to 2007, which exposure he claims caused him to develop lung cancer.[1] Sorbello alleges that defendant Kearney-National Inc. ("Kearney-National"), incorrectly named in the complaint as Kearney National, is the successor-in-interest to The Ohio Injector Company a/k/a OIC Corporation ("OIC"), incorrectly named in the complaint as Ohio Injector, and that OIC manufactured asbestos-containing valves which were installed on the USNS *Mizar* when it was built at Avondale Shipyards in Louisiana in 1957.[2] Sorbello further alleges that he served onboard the *Mizar* from May 8, 1985, to September 9, 1985, with ports of call in Alaska and Washington.[3]

On May 10, 2024, Kearney-National filed its first motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Sorbello failed to state a plausible claim against Kearney-National because it is not the successor-in-interest to OIC, and consequently, it is not subject to personal jurisdiction in Louisiana.[4] Kearney-National attached

---

[1] R. Doc. 1.
[2] *Id.* at 12, 25-26.
[3] *Id.* at 25-26.
[4] R. Doc. 205.

hundreds of pages of documents to its motion in an effort to prove its contentions.[5]  Sorbello and defendant/crossclaimant Huntington Ingalls Inc. ("Avondale") opposed the motion, arguing that, because Kearney-National submitted evidence in support of its Rule 12(b)(6) motion that was not referenced in the complaint, the motion must be converted to one for summary judgment and should be denied.[6]  They argued that there were genuine issues of material fact regarding whether Kearney-National is in fact OIC's successor-in-interest and that they should be afforded the opportunity to conduct discovery into the issue before Kearney-National is dismissed from the suit.[7]  Kearney-National replied in further support of its motion, arguing that Sorbello failed to demonstrate that this Court has personal jurisdiction over Kearney-National because he submitted no proof that it is OIC's successor-in-interest or that Sorbello was exposed to asbestos from OIC's valves, and that Avondale lacked standing to oppose the motion.[8]  After reviewing the submissions, the Court agreed with Sorbello and Avondale that jurisdictional discovery was warranted as to the question of specific personal jurisdiction.[9]  Thus, on June 13, 2024, this Court issued its Order & Reasons denying without prejudice Kearney-National's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction and ordered the parties to engage in jurisdictional discovery.[10]  The Court specified that Kearney-National could refile the motion after appropriate discovery had been conducted.[11]

A year later, on June 13, 2025, Kearney-National filed a renewed Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.[12]  Kearney-National argues that it should be dismissed

---

[5] *Id.*
[6] R. Docs. 255; 265.
[7] *Id.*
[8] R. Doc. 278.
[9] R. Doc. 281.  The Court also stated that it agreed with Kearney-National that it is not subject to general jurisdiction in Louisiana.  *Id.* at 3 n.10.
[10] *Id.* at 1-4.
[11] *Id.* at 4.
[12] R. Doc. 411.

2

from the case because neither Sorbello nor Avondale ever served any jurisdictional discovery on it and a year was more than sufficient time to do so.[13] Kearney-National also reasserts the same arguments it made in its first motion to dismiss regarding specific personal jurisdiction.[14] In particular, Kearney-National argues that Sorbello and Avondale's reliance on the ambiguous 1957 equipment list to show Kearney-National's connection to Louisiana in relation to this claim is conclusory, as the document "establishes nothing more than that an Ohio Injector valve, of unknown composition and date of manufacture, was at one point listed to be installed on the Mizar," but does not establish "that this valve contained asbestos, or that the valve was sent by Ohio Injector to Avondale Shipyards in Louisiana, or that Avondale actually installed the valve on the Mizar, or that the valve was still present on the Mizar and still contained asbestos during [Sorbello's] brief service thereon 28 years later in 1985."[15] In opposition, Sorbello does not address his failure to engage in jurisdictional discovery, but rather reiterates the arguments he made in opposition to Kearney-National's first motion to dismiss.[16] Similarly, Avondale does not address its year-long failure to undertake jurisdictional discovery and also reiterates the arguments it made in opposition to Kearney-National's first motion to dismiss.[17] Avondale additionally states that it served jurisdictional discovery requests on Kearney-National the same day that Kearney-National filed its renewed motion to dismiss, and asks this Court to deny Kearney-National's renewed motion so that the issues associated with this discovery can be resolved.[18] Kearney-

---

[13] R. Doc. 411-1 at 1-7.
[14] *Compare* R. Doc. 411-1, *with* R. Doc. 205-1.
[15] R. Doc. 448 at 7.
[16] *Compare* R. Doc. 434, *with* R. Doc. 255.
[17] *Compare* R. Doc. 436, *with* R. Doc. 265.
[18] R. Doc. 436 at 1-2. Nearly all the discovery requests propounded by Avondale are directed to the issue of successor liability (which need not be reached to resolve this motion), not the sufficiency of the evidence concerning the valve (which turns out to be the driver for resolving the question of specific jurisdiction here). *See* R. Doc. 436-1. The limited discovery requests (as few as three) inquiring about matters related to the valve ask for information as likely to be in the hands of Avondale as Kearney-National. Notably, Avondale does not itself produce any evidence to clear up the ambiguities plaguing the 1957 equipment list, even though it was the party that built the *Mizar* and,

National replies, pointing out that neither Sorbello nor Avondale offers any new evidence to support their personal-jurisdiction arguments and that Avondale served the jurisdictional discovery eight hours *after* Kearney-National filed the renewed motion to dismiss, which, says Kearney-National, is simply too little, too late.[19]

Considering the parties' memoranda, the record, and the applicable law, the Court agrees with Kearney-National that its renewed Rule 12(b)(2) motion should be granted. Neither Sorbello nor Avondale engaged in the permitted jurisdictional discovery for an entire year and neither offers any explanation for their lapse. Instead, they rely on arguments previously asserted that they have produced sufficient evidence (*viz.,* the 1957 equipment list) to make a *prima facie* case that Kearney-National is subject to personal jurisdiction in this district,[20] and on Avondale's eleventh-hour discovery requests that were served only after Kearney-National filed its renewed motion to dismiss.[21] This is not enough. It is inequitable to keep Kearney-National lingering in this case when it made a timely objection to personal jurisdiction. There is insufficient information in the record to show that Kearney-National is OIC's successor-in-interest for liability purposes. Regardless, and more to the point, there is insufficient information in the record to make a *prima facie* case that the OIC valve was ever actually installed on the *Mizar*, that the valve (if installed) contained asbestos, that the OIC valve was even on the vessel when Sorbello served on it, or that the valve still contained asbestos then. And, despite this, Sorbello and Avondale squandered the opportunity to counter Kearney-National's renewed motion to dismiss with timely Court-approved jurisdictional discovery. *See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 347 (5th

---

thus, in the best position to establish whether the OIC valve was installed on the vessel and whether the valve contained asbestos when Sorbello served on the vessel.

[19] R. Doc. 448 at 8-9.
[20] *See* R. Docs. 255; 265; 278; 434; 436.
[21] R. Docs. 436; 436-1; 436-2.

Cir. 2004) (holding that a year was plenty of time to conduct jurisdictional discovery); *Associated Metals & Minerals Corp. v. S.S. Geert Howaldt*, 348 F.2d 457, 459 (5th Cir. 1965) (holding that the trial court did not abuse its discretion in refusing to allow the requested jurisdictional discovery when the appellants "failed to seek discovery to ascertain jurisdictional facts for six months without an explanation of their failure to do so").

Accordingly, for the foregoing reasons,

IT IS ORDERED that Kearney-National's motion to dismiss (R. Doc. 411) is GRANTED and the claims made against it by Sorbello and Avondale are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 24th day of July, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE